# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2023

Lyle W. Cayce
Clerk

———————

No. 22-30114

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Richard Sansbury,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CR-145-1

———————————————————————

Before Higginbotham, Smith, and Engelhardt, *Circuit Judges*.
Kurt D. Engelhardt, *Circuit Judge*:

Appellant Richard Sansbury ("Sansbury") appeals the four-level sentencing enhancement for abduction to his base offense level under U.S.S.G. § 2B3.1(b)(4)(A). For the reasons explained below, we AFFIRM the district court's judgment.

## I. Background

In June 2019, Sansbury and his co-defendant Alan Parson ("Parson") entered a CVS pharmacy through the store's front doors to commit an armed robbery. Sansbury forced the cashier from the cashier area at the front of the

No. 22-30114

store into the restroom, zip-tied his hands together, and left him there during the robbery. The store manager observed the robbery from within a locked office and called the police. While Sansbury incapacitated the cashier in the restroom, Parson went to the pharmacy, placed the pharmacist on the ground at gunpoint, and zip-tied his feet together. Sansbury and Parson then began removing narcotics, including controlled substances, from behind the pharmacy counter and putting them into a black bag.

When police officers arrived, they encountered Sansbury and Parson attempting to exit the CVS. Sansbury and Parson retreated into the store while the officers sought cover outside the front door and in the parking lot. Sansbury and Parson then ran out of the store as they shot at the police officers. One police officer sustained a gunshot wound to the shoulder area. Parson sustained multiple gunshot wounds and was arrested immediately following the robbery. Sansbury sustained a gunshot wound to his leg and was arrested several hours later, hiding in the backyard of a nearby house.

## II. Procedural History

Sansbury, pleaded guilty without a plea agreement to several charges related to the robbery.[1] The presentence report ("PSR") provided that the base offense level for the robbery offenses was 20 under U.S.S.G. § 2B3.1(a). In addition to several other enhancements not at issue on appeal, Sansbury received a four-level enhancement under § 2B3.1(b)(4)(A) for physically abducting a person "to facilitate the commission of the offense or to facilitate escape" because he forced the cashier into the restroom and zip-tied his hands together.

---

[1] Sansbury pleaded guilty to conspiracy to commit a robbery involving controlled substances, committing a robbery involving controlled substances, and discharging a firearm in furtherance of a crime of violence.

No. 22-30114

Defense counsel filed a written objection to the abduction enhancement under § 2B3.1(b)(4)(A), arguing that Sansbury did not move the cashier from place to place and that the movement of the cashier did not enable him to commit the crime or facilitate his escape. The Government responded that the forced physical movement of a victim from one location to another inside of the store constituted an abduction and that it enabled the robbers to commit the crime by preventing the victim from contacting police officers or otherwise preventing the robbery from occurring, and it facilitated the robbers' escape from the store.

At the sentencing hearing, Sansbury renewed his objection to the § 2B3.1(b)(4)(A) enhancement. The district court overruled his objection, finding that under the facts of the case, Sansbury abducted the victim within the meaning of the Guidelines when he forced the victim to relocate from the cashier area to the bathroom and zip-tied the victim's hands. The district court further found that the abduction facilitated the commission of the offense and the escape as it prevented the cashier from contacting law enforcement officers or otherwise preventing the robbery from occurring. Sansbury was sentenced to a total of 241 months of imprisonment. Sansbury timely appealed.

### III. Legal Standard

Sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 51 (2007). This court reviews the district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Buck*, 847 F.3d 267, 276 (5th Cir. 2017). The district court's factual findings are reviewed for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* (internal quotation marks and citation omitted).

3

## IV. Discussion

The Sentencing Guidelines provide for a four-level enhancement "[i]f any person was abducted to facilitate the commission of the offense or to facilitate escape[.]" § 2B3.1(b)(4)(A). "Abducted" means that "a victim was forced to accompany an offender to a different location." U.S.S.G. § 1B1.1, cmt. (n.1(A)); *see* § 2B3.1, cmt. (n.1). The commentary states, "[f]or example, a bank robber's forcing a bank teller from the bank into a getaway car would constitute an abduction." § 1B1.1, cmt. (n.1(A)).

Sansbury contends that the district court erred in applying the abduction sentencing enhancement for three reasons. First, Sansbury argues that he "did not force the victim to 'accompany' him anywhere" and that forcing the cashier from the cashier area to the restroom "does not qualify as the type of 'forced accompaniment' required by the abduction enhancement." We disagree. Sansbury pointed a gun at the cashier and forced him to walk with Sansbury from the cashier area to the restroom, where Sansbury zip-tied the cashier's hands. Thus, Sansbury forced the cashier to accompany him.

Second, Sansbury challenges the district court's determination that the "different location" requirement of § 2B3.1(b)(4)(A) was satisfied when he moved the cashier to the bathroom. This circuit has repeatedly held that "the term 'different location' should be interpreted flexibly on a case by case basis." *United States v. Johnson*, 619 F.3d 469, 472 (5th Cir. 2010). Moreover, the abduction enhancement is proper "even though the victim remained within a single building." *Id.* at 474. Here, Sansbury forced the cashier from the cashier's area at the front of the store to the restroom. Accordingly, the different location requirement was also satisfied.

Third, Sansbury argues that moving the cashier to the restroom did not facilitate or play a role in the commission of the robbery or his escape. We

No. 22-30114

are unconvinced. Sansbury forced the cashier to the restroom and then zip-tied him there so he would not interfere with the robbery or call the police. This incapacitation of the cashier prevented the cashier from interfering in or disrupting the robbery, thereby facilitating the commission of the offense. Accordingly, we conclude that the district court did not err in imposing the abduction enhancement.

## V. Conclusion

The judgment of the district court is AFFIRMED.